IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN TIMOTHY GREGORY,

      Plaintiff,                      No. CIV S-04-2523 DFL PAN P

    vs.

T. AYERS, et al.,

      Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his constitutional rights by acting with deliberate indifference to his serious medical needs, retaliating against him for filing inmate grievances, and depriving him of due process in a prison disciplinary proceeding. This matter is before the court on defendants' motion to dismiss this action pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust administrative remedies prior to suit, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

        On May 11, 2005, plaintiff received the notice required by <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint contains the following claims and allegations in support thereof. First, on April 5, 2004, defendant Ramirez[1] acted with deliberate indifference to plaintiff's serious medical needs by refusing to give him food as ordered by a physician after plaintiff completed a medically directed fast in advance of lab tests. Second, on or about April 28, 2004 and April 29, 2004, defendants Reuter and Glensor retaliated against plaintiff and interfered with his "right of access" by threatening to withhold plaintiff's personal property unless plaintiff dropped a inmate grievance that he had filed against defendant Ramirez. Third, on April 30, 2004, defendants Reuter and Coombs retaliated against plaintiff for filing an inmate grievance against defendants Reuter and Glensor by ordering plaintiff out of his cell, proceeding to "tear up" plaintiff's cell, and breaking plaintiff's walkman. Fourth, defendants Phillips and Clayton retaliated against plaintiff by filing false disciplinary charges against him. Finally, defendants Gentry, Knowles, Clayton, Grannis, Shepherd, Ayers, Kelsch, Reuter, Coombs, Phillips and Runnels "individually and collectively" conspired to, and did, cause plaintiff to suffer, unlawful disciplinary action, unlawful retaliation, and chill his right to file administrative appeals.

DEFENDANTS' MOTION

Defendants make the following contentions in their motion to dismiss. First, plaintiff failed to exhaust his administrative remedies with respect to his Eighth Amendment claim against defendant Ramirez, his claim of retaliation and filing a false disciplinary against defendant Clayton, his conspiracy to chill his appeal rights against defendants Gentry, Knowles, Clayton, Grannis, Shepherd, Ayers, Kelsch, Glensor, Reuter, Coombs, Phillips, and Runnels and his denial of access and violation of due process claim against defendants Gentry, Knowles,

/////

---

[1] Defendant Ramirez is identified as "D. Ramerez" in the complaint filed November 29, 2004.

Clayton, Grannis, Shepherd, Ayers, Coombs, Phillips, and Runnels.  Second, defendants contend that plaintiff has failed to state any cognizable claim for relief against any defendant.

## ANALYSIS

I. Failure to Exhaust Administrative Remedies

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199. Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120; Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

    A. Plaintiff's Claim Against Defendant Ramirez

In support of their motion to dismiss, defendants present evidence that on or about April 12, 2004, plaintiff filed an inmate grievance, dated April 6, 2004, against defendant Ramirez complaining that defendant Ramirez had denied him food on April 5, 2004 after completion of medically ordered lab tests. (See Ex. B to Defendants' Motion to Dismiss, filed August 29, 2005, Declaration of A. Orozco, at ¶ 13 and Attachment 1 thereto.)  The grievance was assigned Log No. 04-0620. (Id.) Defendants contend both that plaintiff did not pursue this grievance to the third and final level of administrative review, and that plaintiff did not claim therein that defendant Ramirez had been deliberately indifferent to his serious medical needs.

/////

/////

In opposition to the motion, plaintiff contends that he was blocked from pursuing this grievance through all levels of administrative review by the alleged actions of defendants Reuter and Glensor, which are the subject of plaintiff's second cause of action.

Attached to plaintiff's complaint is a memorandum dated July 8, 2004 to plaintiff from defendant Mike Knowles. In that memorandum, defendant Knowles considered and rejected plaintiff's administrative grievance charging defendants Glensor and Reuter with threatening plaintiff with disciplinary action for pursuing a grievance against defendant Ramirez. (Attachment to Complaint, Memorandum dated July 8, 2004 (hereafter July 8, 2004 Memorandum, at 1.) The latter grievance was assigned Log No. FSP 04-00733. (Id.) In that memorandum, defendant Knowles, inter alia, denied plaintiff's request for review of grievance Log. No. 04-0620 at the second level of review on the ground that such review was untimely. (July 8, 20004 Memorandum, at 5.)[2] The memorandum specifically advised plaintiff that the "issue" could be submitted for Director's Level Review. (Id.)

On October 14, 2004, defendant Grannis issue a Director's Level Decision was issued to plaintiff denying inmate grievance FSP 04-00733. (Attachment to Complaint, Director's Level Appeal Decision dated October 14, 2004.) Subsumed in that decision are findings concerning the adequacy of review of plaintiff's allegations, including those concerning grievance Log No. 04-0620. (Id. at 2.)

After careful review of the record herein, this court finds that the proceedings on Log No. FSP 04-00733 were sufficient to exhaust plaintiff's administrative remedies with respect to the allegations against defendant Ramirez contained in grievance Log No. 04-0620.

---

[2] Defendant Knowles' determination was based on (1) denials by Lt. Glensor and Sgt. Reuter that they threatened plaintiff to coerce him into dropping his grievance against defendant Ramirez; (2) plaintiff had not presented any evidence to substantiate his claim that Sgt. Reuter had threatened him; (3) plaintiff's request for second level review was dated April 27, 2004, two days before his discussion with Lt. Glensor and Sgt. Reuter; and (4) plaintiff had not submitted his request for second level review through the proper institutional channels nor had he informed the inmate Appeals Coordinator that he felt threatened and therefore did not timely seek second level review. (Memorandum dated July 8, 2004, at 4-5.)

Moreover, the court further finds that the allegations of the latter grievance are sufficiently similar to the claim raised in this action against defendant Ramirez to satisfy the exhaustion requirement of 42 U.S.C. § 1997e.

For all of the foregoing reasons, this court finds that plaintiff satisfied the exhaustion requirement of 42 U.S.C. § 1997e(a) with respect to his claim against defendant Ramirez.

B.  Plaintiff's Claim Against Defendant Clayton

Defendants contend that plaintiff did not submit any inmate grievance against defendant Clayton claiming retaliation or submission of a false disciplinary report against plaintiff, and they present evidence to support this contention.  (See Ex. A to Motion to Dismiss, Declaration of N. Grannis, at ¶ 10; Ex. B to Motion to Dismiss, Orozco Declaration, at ¶ 15.) Plaintiff disputes this evidence, contending that his grievance Log No. 04-1094 includes allegations against defendant Clayton.

The record reflects that defendant Clayton was the supervisor who reviewed and signed off on a rules violation report by defendant Phillips charging plaintiff with making false allegations against a peace officer.  (Attachment to Complaint, Rules Violation Report dated June 7, 2004.)  Through grievance Log No. 04-1094, plaintiff exhausted administrative remedies with respect to his contentions arising out of those disciplinary proceedings.  (Attachment to Complaint, Inmate/Parolee Appeal Form Log No. 04-1094.)  Those administrative proceedings were adequate to exhaust administrative remedies with respect to plaintiff's claim against defendant Clayton.

C.  Plaintiff's Fifth Claim for Relief

Defendants contend that plaintiff did not submit any inmate grievance against defendants Gentry, Knowles, Clayton, Grannis, Shepherd, Ayers, Kelsch, Glensor, Reuter, Coombs, Phillips or Runnels alleging conspiracy to chill his appeal rights, nor any grievance against defendants Gentry, Knowles, Clayton, Grannis, Shepherd, Ayers, Coombs, Phillips or

5

Runnels alleging denial of access or violation of due process and they present evidence to support these contentions. (See Ex. A to Motion to Dismiss, Grannis Declaration, at ¶ 10; Ex. B to Motion to Dismiss, Orozco Declaration, at ¶ 15.)

In opposition to the motion, plaintiff contends that (1) all of his grievances were merged into one grievance by defendants Gentry and Knowles, and (2) these claims were all referred to at page 56 of plaintiff's inmate grievance Log No. 04-1094, a copy of which is attached to the complaint.

The court has carefully reviewed Log No. 04-1094, a copy of which is attached to plaintiff's complaint. Therein, plaintiff alleges, inter alia, that defendant Kelsch "deliberately deleted [plaintiff's] written statement, documents and physical evidence to assist Lt. Phillips, Lt. Glensor, Sgt. Reuter and C/O Coombs in retaliating against [plaintiff.]." (Attachment to Complaint, Log No. 04-1094, at 2.) Those allegations, without more, are insufficient to state a cognizable claim of conspiracy to chill plaintiff's appeal rights. Moreover, the gravamen of the complaint raised in Log No. 04-1094 is a challenge to the disciplinary conviction that followed defendant Philllips' issuance of the rules violation report for making false charges against a peace officer. The hyperbole in the grievance notwithstanding, this court does not find that plaintiff exhausted administrative remedies with respect to any conspiracy claim against defendants Gentry, Knowles, Clayton, Grannis, Shepherd, Ayers, Kelsch, Glensor, Reuter, Coombs, Phillips or Runnels. Moreover, for the reasons set forth in section IID, infra, this court finds that the complaint does not state a cognizable conspiracy claim against any named defendant. For these reasons, this aspect of plaintiff's fifth claim for relief should be dismissed.

Liberally construed, the allegations of grievance Log No. 04-1094 are sufficient to exhaust administrative remedies with respect to plaintiff's claim that defendants Kelsch, Phillips, Glensor, Reuter, Coombs and Gentry violated plaintiff's right to due process when they affirmed the disciplinary conviction during the grievance process. However, for the reasons set forth in section IIC and D, infra, such a claim is not cognizable in this § 1983 action.

1       In addition, to the extent that the claimed "denial of access" is a claim that said
2 defendants by their actions attempted to chill plaintiff's right to file inmate grievances, the
3 allegations of grievance Log No. 04-1094 is insufficient to exhaust such a claim against
4 defendants Knowles, Grannis, Shepherd, or Ayers.  Even if the allegations of the grievance are
5 sufficient to exhaust that claim against defendants Kelsch, Phillips, Clayton, Glensor, Reuter,
6 Coombs and Gentry, for the reasons set forth in section IID, infra, the allegations are insufficient
7 to state a claim upon which relief may be granted.

8       For these reasons, plaintiff's fifth claim for relief should be dismissed as to all
9 defendants.

10 II.  Failure to State A Claim

11       Defendants also contend that none of the allegations of the complaint are
12 sufficient to state a cognizable claim for relief.  In considering a motion to dismiss, the court
13 must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex
14 Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to
15 the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v.
16 McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  Moreover, pro se pleadings
17 are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S.
18 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be granted unless it
19 appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would
20 entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v.
21 Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651
22 F.2d 1289, 1294 (9th Cir. 1981).

23   A.  Defendant Ramirez

24       Defendants first contend that plaintiff's allegations that, despite a doctor's order,
25 defendant Ramirez denied him breakfast and a sack lunch on April 5, 2004 following a
26 medically-ordered fast are insufficient to state a cognizable claim for violation of plaintiff's

7

Eighth Amendment rights.  Defendants contend that deprivation of one or two meals on a single day does not violate the constitution, and that plaintiff has failed to allege that the alleged denial of meals caused him any harm or injury.

Plaintiff's claimed deprivation of breakfast and lunch on one day is insufficient to state a cognizable claim for violation of his right to adequate nutrition under the Eighth Amendment.  See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("extreme deprivations are required to make out a conditions-of confinement claim. . . .").  Nor are the allegations sufficient to state a cognizable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  See Farmer v. Brennan, 511 U.S. 825, 838 (1994) (in order to state cognizable claim inmate must allege facts which show prison official knew of and disregarded an excessive risk to an inmate's health).  Accordingly, the court will recommend dismissal of plaintiff's claim against defendant Ramirez.

B.  Retaliation Claims

Defendants contend that plaintiff has failed to state cognizable retaliation claims against either defendants Reuter or Glensor based on the alleged refusal to return plaintiff's radio unless he dropped his grievance against defendant Ramirez, or defendants Reuter and Coombs for the alleged retaliatory cell search and destruction of plaintiff's walkman.  This aspect of defendants' motion, however, is based on argument from their version of the facts and not on the allegations of the complaint as viewed in a light favorable to the plaintiff.  The allegations of the complaint are sufficient to state cognizable retaliation claims against these three defendants. Defendants' motion to dismiss plaintiff's second and third claims for relief should be denied.

C.  Fourth Claim for Relief

In his fourth claim for relief, plaintiff claims that defendants Phillips and Clayton retaliated against him by filing false disciplinary charges against plaintiff in retaliation for plaintiff's filing of an inmate grievance.  Defendants seek dismissal of this claim on several

grounds, including that it is barred by the rule announced in Edwards v. Balisok, 520 U.S. 641 (1997). In Edwards, the U.S. Supreme Court extended the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), to prison disciplinary proceedings. Specifically, the court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional disciplinary conviction that necessarily implies the invalidity of the deprivation of good-time credits is not cognizable in a § 1983 action unless the conviction has been reversed or expunged or the lost time credits have been restored.

The record reflects that plaintiff lost sixty days of good time credits as a result of the disciplinary conviction that resulted from the rules violation report issued by defendant Phillips and approved by defendant Clayton. (See Attachment to Complaint, Log. No. 04-1094, at 6.) Plaintiff's claim against these defendants implicates the validity of that credit loss, and there is no evidence that those lost credits have been restored or that the disciplinary conviction has been set aside. Plaintiff's fourth claim for relief should therefore be dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (holding that §1983 claims barred by Heck should be dismissed without prejudice).

D. Fifth Claim for Relief

Defendants seek dismissal of the conspiracy claim raised in plaintiff's fifth claim for failure to state a cognizable claim. For the reasons set forth supra, plaintiff failed to exhaust administrative remedies with respect to any claim that defendants conspired to violate his constitutional rights. Moreover, the allegations of conspiracy are too vague and conclusory to support such a claim in this § 1983 action. For these reasons, plaintiff's conspiracy claim should be dismissed.

Defendants also contend that plaintiff has failed to state a cognizable claim for "denial of access." Defendants contend that the record shows that plaintiff was in fact permitted to take his grievances to the third and final level of administrative review, and that he was not prevented from bringing any civil rights action arising from the events complained of.

1   In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held
2   that prison inmates have a constitutionally protected right to access the courts to bring civil rights
3   actions to challenge their conditions of confinement and to bring challenges to their criminal
4   convictions. Lewis v. Casey, 518 U.S. at 351. The right of court access also includes the right to
5   access prison grievance procedures. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).
6   However, the right of access to the courts "guarantees no particular methodology but rather the
7   conferral of a capability -- the capability of bringing contemplated challenges to sentences or
8   conditions of confinement before the courts." Id. at 356. To state a cognizable claim for
9   violation of this right, plaintiff must allege facts that show that defendants by their acts
10  prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

11  The record demonstrates that plaintiff ultimately was able to pursue his inmate
12  grievances through all levels of administrative review[3] and that no action by any defendant
13  prevented plaintiff from bringing this civil rights action. Plaintiff's claim for denial of access
14  should therefore be dismissed.

15  Finally, plaintiff alleges in conclusory fashion that several defendants violated his
16  right to due process. These allegations are only cognizable, if at all, in connection with a claim
17  that there was insufficient evidence to support his disciplinary conviction. For the reasons set
18  forth in section IIC, supra, however, such a claim is barred by Edwards v. Balisok.

19  For all of the foregoing reasons, plaintiff's fifth claim for relief does not state a
20  cognizable claim for relief against any defendant named therein. It should therefore be
21  dismissed.

22  In accordance with the above, IT IS HEREBY RECOMMENDED that:
23  /////

---

[3] It is true that plaintiff's initial grievance against defendant Ramirez was not pursued directly to the final level of administrative review. It was, however, presented and considered in conjunction with his grievance against defendants Reuter and Glensor for alleged retaliation.

1. Defendants' August 29, 2005 motion to dismiss be denied as to plaintiff's retaliation claims against defendants Reuter, Glensor, and Coombs, and granted in all other respects;

2. Plaintiff's claims arising out of his June 30, 2004 disciplinary conviction on charges of making false allegations against a peace officer be dismissed without prejudice; and

3. Defendants Reuter, Glensor and Coombs be directed to answer the second and third claims raised in plaintiff's complaint within twenty days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 2, 2006.

UNITED STATES MAGISTRATE JUDGE

12
greg2523.mtd