1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    NORMAN GREGORY,

11              Plaintiff,                        No. CIV S-04-2523 DFL EFB P

12         vs.

13    T. AYERS, et al.,

14              Defendants.                       ORDER

15    _____/

16         Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42

17    U.S.C. § 1983.  On August 14, 2006, plaintiff filed a motion to compel.  Defendants filed their

18    opposition to this motion on August 30, 2006, and plaintiff replied on September 11, 2006.

19         In his motion, plaintiff states that he prepared his discovery requests "on or about 6-14-

20    06" but was unable to go to the law library to make copies until June 22, 2006, due to an

21    institutional lockdown on June 9, 2006.  Plaintiff mailed his requests on June 22, 2006.   In

22    response, plaintiff received a letter from defense counsel, which he submits together with his

23    motion, stating:

24              Defendants object to these discovery requests as untimely.  They were not served
               at least 60 days prior to the August 18, 2006 discovery cut-off date, as required by
25              the Court's May 31, 2006 scheduling order.  As such, Defendants are not
               obligated to provide responses to your discovery requests.
26    /////

1  Defendants oppose plaintiff's motion on the basis that his requests for discovery were

2  untimely.  Additionally, defendants claim that plaintiff's justification for making his requests

3  three days late is "clearly false," as the log for checking in and out of the prison law library

4  indicates that plaintiff was there on June 15, 2006.  The representation by plaintiff in that regard

5  is, indeed, troubling.

6  The court notes, however, that on June 15, 2006, plaintiff had four full days in which to

7  mail these requests and still be within the required 60-day period prior to the August 18, 2006,

8  discovery cut-off date.  Defendants do not dispute that the prison was on lockdown as plaintiff

9  claims, or that the lockdown interfered with plaintiff's ability to timely mail his discovery

10  requests.

11  In reluctantly granting plaintiff's motion to compel, the court turns to the Federal Rules

12  of Civil Procedure, Rules 8(f) and 6(b)(2).  Rule 8(f) provides that all pleadings shall be so

13  construed as to do substantial justice.  Rule 6(b) provides that for cause shown the court may at

14  any time in its discretion, "upon motion made after the expiration of the specified period  permit

15  the act to be done where the failure to act was the result of excusable neglect."  Notwithstanding

16  the questionable representation by plaintiff as to June 15, it still appears that his discovery

17  requests were late by a matter of a few days and that the lockdown interfered with his ability to

18  meet the deadline.  Accordingly, plaintiff's motion to compel discovery is granted.

19  In accordance with the foregoing, IT IS HEREBY ORDERED that:

20  1. Plaintiff's August 14, 2006, motion to compel is granted.

21  2. Defendants shall respond to plaintiff's requests for discovery within twenty days from

22  the date this order is served.

23  Dated:  February 15, 2007.

24  _____

25  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

26